IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM PEW, on behalf of himself and similarly situated employees,<br>   Plaintiff,<br>   v.<br>FINLEY CATERING CO., INC.,<br>   Defendant. | :  CIVIL ACTION<br>:<br>:  NO. _____<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT – CLASS/COLLECTIVE ACTION

Plaintiff William Pew ("Plaintiff"), on behalf of himself and similarly situated employees, brings this class/collective action lawsuit against Defendant Finley Catering Co., Inc. ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*  Plaintiff's FLSA claim is asserted as a collective action under FLSA Section 16(b), 29 U.S.C. § 216(b), while his PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23.[1]

### JURISDICTION AND VENUE

1.  Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.  Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3.  Venue is proper under 28 U.S.C. § 1391.

### PARTIES

4.  Plaintiff is an individual residing in Philadelphia, PA.

5.  Plaintiff is an employee covered by the FLSA and the PMWA.

---

[1] FLSA collective action claims and Rule 23 class action claims may proceed together in the same lawsuit.  *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012).

6. Defendant is a corporate entity registered with the Pennsylvania Department of State and headquartered in Philadelphia, PA.

7. Defendant is an employer covered by the FLSA and the PMWA.

## FACTS

8. Defendant operates a food service business that caters events at various Philadelphia-area locations, including the Crystal Tea Room (100 Penn Square East, Philadelphia, PA), the Ballroom at the Ben (834 Chestnut Street, Philadelphia, PA), Union Trust (717 Chestnut Street, Philadelphia, PA), and The Clothier Room (630 Clothier Road, Wynnewood, PA).

9. During the three-year time period relevant to this lawsuit, Defendants have employed over 70 employees who are paid an hourly wage and perform food preparation and kitchen work. These individuals hold job titles such as, for example, cook and dishwasher and are referred to herein as "Hourly Employees."

10. Plaintiff was employed by Defendant as an Hourly Employee from approximately April 2010 until approximately March 2014. Plaintiff's hourly pay rate at the end of his employment was approximately $11.75.

11. The weekly work hours of Plaintiff and other Hourly Employees fluctuate from week to week depending on the number and size of catering events being handled by Defendant during the week.

12. During some weeks, Plaintiff and other Hourly Employees work fewer than 40 hours. However, during busier weeks, Plaintiff and other Hourly Employees often work over 40 hours. For example, it was not unusual for Plaintiff to work over 50 hours during busy weeks.

13.     When Plaintiff and other Hourly Employees work over 40 hours in a week, Defendant often fails to contemporaneously credit the overtime hours to the week in which the overtime hours actually are worked.  Instead, Defendant credits the overtime hours to future weeks in which Plaintiff and other Hourly Employees work fewer than 40 hours.  For example, under this payment scheme, if an employee works 47 hours during a particular week, he is paid for 40 hours.  Then, if the employee works only 24 hours during a subsequent week, he might be paid for 31 hours (the 24 hours actually worked plus the 7 hours "banked" from the earlier 47-hour week).  Under this example, all 31 of these hours are paid at the employee's straight-time rate.

14.     Through the above practice, Defendant avoids paying overtime premium pay (calculated at 150% of the straight-time pay rate) for many overtime hours worked by Plaintiff and other Hourly Employees.  As asserted in Counts I and II below, this practice violates the FLSA and PMWA, both of which require that overtime work hours be contemporaneously credited and paid during the week in which the hours actually are worked.  This rule is well-established, and Defendant's failure to comply with the rule constitutes willful conduct undertaken in reckless disregard of the FLSA.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

15.     Plaintiff brings his FLSA claim as a collective action (pursuant to 29 U.S.C. § 216(b)) and as a class action (pursuant to Federal Rule of Civil Procedure 23) on behalf of all individuals employed by Defendant within the past three years and paid an hourly wage.

16.     Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other potential members of the collective, having worked pursuant to the

common payroll practices described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

17. Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

18. The class includes over 70 individuals, all of whom are readily ascertainable based on Defendant's standard payroll records and are so numerous that joinder of all class members is impracticable.

19. Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

20. Plaintiff will fairly and adequately represent the class members and their interests, and he has retained competent and experienced counsel who will effectively represent the class members' interests.

21. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common payroll practices, as summarized herein. The legality of these policies will be determined through the resolution of generally applicable legal principles to a common set of facts.

22. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
## (Alleging FLSA Violations)

23.     All previous paragraphs are incorporated as though fully set forth herein.

24.     The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week.  *See* 29 U.S.C. § 207(a)(1).  In calculating overtime premium pay, the FLSA "takes a single workweek as its standard and does not permit averaging of hours over 2 or more weeks."  29 C.F.R. § 778.114 (entitled "Each workweek stands alone.").

25.     Defendant has violated the FLSA by failing to pay Plaintiff and other FLSA collective members the overtime premium for all hours worked over 40 in a week.

26.     In violating the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, has willfully violated the FLSA.

## COUNT II
## (Alleging PMWA Violations)

27.     All previous paragraphs are incorporated as though fully set forth herein.

28.     The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week.  *See* 43 P.S. § 333.104(c).  Under the PMWA, "[o]vertime shall be compensated on a workweek basis."  34 Pa. Code § 231.42.

29.     Defendant has violated the PMWA by failing to pay Plaintiff and other Rule 23 class members the overtime premium for all hours worked over 40 in a week.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and other members of the class/collective, seeks the following relief:

A. An order permitting this action to proceed as a collective and class action;

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all members of the FLSA collective informing them of this action and permitting them to join (or "opt-in" to) this action;

C. Unpaid wages (including overtime premium wages) and prejudgment interest to the fullest extent permitted under federal and state law;

D. Liquidated damages to the fullest extent permitted under the FLSA;

E. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under federal and state law; and

F. Such other and further relief as this Court deems just and proper.

Date: July 14, 2014                    Respectfully,

*/s/ Peter Winebrake*
Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
pwinebrake@winebrakelaw.com